IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff/Respondent,<br><br>vs.<br><br>HUGO YANEZ,<br><br>Defendant/Movant. | Cause No. CR 19-01-H-BMM<br>CV 22-19-H-BMM<br><br>ORDER DENYING § 2255 MOTION AND GRANTING CERTIFICATE OF APPEALABILITY |

This case comes before the Court on Defendant/Movant Hugo Yanez's motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255. Yanez is a federal prisoner proceeding with counsel.

## I. Preliminary Review

The Court must determine whether the motions, files, and records of the case conclusively show that the prisoner is not entitled to relief before the United States is required to respond to Yanez's motion. 28 U.S.C. § 2255(b); *see also* Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts. A petitioner "who is able to state facts showing a real possibility of constitutional error should survive Rule 4 review." *Calderon v. United States Dist. Court*, 98 F.3d 1102, 1109 (9th Cir. 1996) ("*Nicolas*") (Schroeder, C.J., concurring) (referring to Rules Governing § 2254 Cases). The Court should "eliminate the

1

burden that would be placed on the respondent by ordering an unnecessary answer." Advisory Committee Note (1976), Rule 4, Rules Governing § 2254 Cases, *cited in* Advisory Committee Note (1976), Rule 4, Rules Governing § 2255 Proceedings.

## II. Background

The probation officer's draft presentence report recommended a two-level sentence enhancement for Yanez's role in the offense as a leader or supervisor of at least one other person before sentencing. *See* U.S.S.G. § 3B1.1(c) (Nov. 1, 2018). Counsel for Yanez objected, arguing that co-defendant Tavia Blume did not take direction from Yanez. The probation officer declined to alter his recommendation, pointing out that Yanez sent his girlfriend, Breanne Bame, to accompany Blume on a trip to Montana to ensure some of the proceeds of the drug sales came back to him. *See* Presentence Report Addendum (Doc. 145 at 36–37.) Counsel maintained this position in a sentencing memorandum and objected to the two-level sentence enhancement, but the memorandum discussed Yanez's role only with respect to Blume, not Bame. *See* Def. Sentencing Mem. (Doc. 140 at 4–5.)

United States District Judge Charles C. Lovell heard argument on counsel's objection at the sentencing hearing. Counsel asserted that Yanez did not take on supervisory responsibility for Bame. Counsel stated that Yanez had "more of an

intention of Ms. Bame going along with Ms. Blume in an effort to, hopefully, come back with something" of the proceeds. Sentencing Tr. (Doc. 152 at 6:13–15.) Counsel continued:

> I think that if Ms. Bame had, in fact, been successful in bringing back some profits and maybe had showed something—somewhat of a deference to Mr. Yanez as a supervisor . . . or some concern that if she didn't bring this back, she may face consequences, we might be in a different position. But that's not the facts of this case, as I understand it. . . .
> So the argument is, essentially, that Mr. Yanez did not have any supervisory role over Ms. Blume, certainly, or over Ms. Bame either. If he had any supervisory role, I think that both of those gals would have probably shown some sort of indication that they believed they had to provide something to him. And neither of them did in this case.

(*Id*. at 7:3–23.)

The Government responded that "Ms. Blume referred during the controlled buy to Ms. Bame as the Boss Lady," that Blume "deferred to Ms. Bame on the matter of pricing during the controlled buy," and that Bame "was present at that time at the behest of the defendant, Mr. Yanez." (*Id*. at 8:17–21; *see also* Presentence Report (Doc. 145 at ¶¶ 20, 32.) Regarding the "Boss Lady" reference, Yanez's counsel replied that no evidence suggested Yanez "directed Ms. Bame to be acting in any sort of supervisory role." Counsel reemphasized that Bame "came along solely because of the inability to receive any of the profits back from Ms. Blume." Sentencing Tr. (Doc. 152 at 9:3–12.)

The Court found that Yanez exercised authority over at least one other

participant in the conspiracy and determined it was Yanez's girlfriend, Bame. Sentencing Tr. at 9:18–20 (citing *United States v. Maldonado*, 215 F.3d 1046, 1050 (9th Cir. 2000)).

### III. Yanez's Claim and Analysis

Yanez asserts that counsel violated his Sixth Amendment right to effective assistance at sentencing. He contends that counsel unreasonably failed to request additional time to prepare and consult with him, failed to gather evidence to defeat the role enhancement, and failed to correct the presentence report's misrepresentation of his involvement and participation in the conspiracy. *See* Mot. § 2255 (Doc. 157) at 1–2; Br. in Supp. (Doc. 158) at 5–7, 8–9. He avers:

> I admit that I supplied the methamphetamine for the November 30 trip, when Ms. Blume and Ms. Bame traveled to Montana . . . Ms. Bame went on the trip to Montana to protect our shared financial interests, not as an agent or subordinate. She was not acting at my direction and my counsel at sentencing failed to present evidence on this issue.

Yanez Aff. (Doc. 159) at 2–3 ¶¶ 13–14.

At this stage of the proceeding, Yanez must allege facts sufficient to support an inference that both (1) counsel's performance fell below an objective standard of reasonableness, *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984), and (2) there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

### A. Role Enhancement

Yanez does not satisfy the prejudice prong of the ineffective assistance of counsel test. The facts Yanez alleges do not support an inference that counsel performed unreasonably. Yanez became ineligible for relief under the safety valve because of the two-level role enhancement. *See* 18 U.S.C. § 3553(f)(4); *see also United States v. Lopez*, 998 F.3d 431, 432–33 (9th Cir. 2021). Absent this role enhancement, Yanez would have received an additional two-level reduction in the offense level, and the sentencing judge could have imposed a sentence below the statutory mandatory minimum. *See* U.S.S.G. § 2D1.1(b)(18); 18 U.S.C. § 3553(f). Yanez's total offense level would have been 29 instead of 33. His advisory guideline range would have been 108 to 135 months, with no 120-month mandatory minimum. *See* 18 U.S.C. § 3553(f); U.S.S.G. ch. 5, Part A (Sentencing Table); *cf. Rosales-Mireles v. United States*, 138 S. Ct. 1897, 1907–08 (2018); *Molina-Martinez v. United States*, 578 U.S. 189, 198 (2016) (both holding, under Fed. R. Crim. P. 52(b), that a guideline-calculating error will usually demonstrate reasonable probability of different outcome absent the error).

Yanez does not identify any specific fact or authority that counsel overlooked or unreasonably missed. Yanez himself asserts that he and Ms. Bame "shared finances through her bank account" and that Ms. Bame accompanied Ms. Blume "to protect our shared financial interests." Yanez Aff. (Doc. 159) at 2 ¶ 8, 3

¶ 14. A reasonable jurist might take these statements to support his position. A reasonable jurist might otherwise take them as it appears Judge Lovell did—further evidence he exerted control over Ms. Bame. *See also, e.g.*, Presentence Report ¶¶ 91–92.

### B. Scope of Yanez's Participation

Yanez also contends that counsel unreasonably failed to request additional time to prepare and consult with him and failed to correct the presentence report's misrepresentation of Yanez's involvement and participation in the conspiracy. Yanez avers in his affidavit that he did not participate in the October 2018 trip to Montana. *See* Yanez Aff. at 2 ¶ 11. Yanez does not allege facts supporting an inference that counsel unreasonably limited the amount of time consulting with her client. Although counsel's time consulting Yanez may have been limited, Yanez cannot meet the prejudice prong of the *Strickland* test.

The 12 ounces obtained in the October controlled buys did not affect Yanez's base offense level. Yanez was held responsible for 1,222 grams of actual methamphetamine. Twelve ounces equals 340.2 grams. Excluding the October trip, Yanez was responsible for 881.8 grams, still within a base offense level of 34. *See* Presentence Report ¶¶ 34, 40; U.S.S.G. § 2D1.1(c)(3). The Court gave no indication that it considered the time or depth of Yanez's involvement as a driving factor in the sentence. The Court relied upon Yanez's criminal history as the

principal factor. Counsel spoke directly to this issue. The Court admittedly imposed a harsh sentence, but the record provides no reason to believe he did so because of counsel's shortfall. *See* Statement of Reasons (Doc. 144) at 2 § IV(B), 4 § VIII; Sentencing Tr. (Doc. 152) at 14:8–15:6, 17:7–21, 19:16–20:6, 22:1–19.

### C. Conclusion

Yanez does not show that counsel's performance with respect to the sentencing enhancement fell outside the wide range of reasonable professional assistance. Even if counsel omitted something with respect to the extent of his participation in the conspiracy, Yanez cannot show that he would have received a lesser sentence with reasonable probability.

## IV. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2255 Proceedings. A certificate of appealability should issue as to those claims on which the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Yanez meets the prejudice prong with respect to the role enhancement. He has failed to identify any critical fact or legal authority that his counsel failed to present before sentencing. Counsel's performance seems reasonable under the circumstances. Yanez must show with reasonable probability that he would have received a lesser sentence had counsel consulted with Yanez and clarified the extent of his participation in the conspiracy. Reasonable jurists could disagree on this part. A certificate of appealability is warranted.

## V. ORDER

Accordingly, IT IS ORDERED:

1. Yanez's motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255 (Doc. 157) is DENIED.

2. A certificate of appealability is GRANTED. The clerk shall immediately process the appeal if Yanez files a Notice of Appeal.

3. The clerk shall ensure that all pending motions in this case and in CV 22-19-H-BMM are terminated and shall close the civil file by entering judgment in favor of the United States and against Yanez.

DATED this 24th day of October, 2022.

_____
Brian Morris, Chief District Judge
United States District Court